# EXHIBIT 33



T. 233

2/a

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    IDEAL TOY CORPORATION

Serial No.:   358,308                    Examiner:  Gallagher

Filed:        11/28/80                   Division:  I
                                         Box 5

For:          DESIGN ONLY-MISCELLANEOUS

                                530 Fifth Avenue
                                New York, New York  10036
                                September 2, 1982

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks,
Washington, D.C. 20231, on___Sept. 3, 1982
     Pasquale A. Razzano, Esq.
Name of Applicant, Assignee or Registered
              Representative

              _/s/ Pasquale Razzano_
              Signature

              Sept. 3, 1982
            Date of Signature

                          AMENDMENT

Hon. Commissioner of Patents & Trademarks
Washington, D.C.  20231

Sir:

        In response to the Official Action mailed July 27, 1982 please amend the above-identified application as follows:

        <u>In the Identification of Goods</u>:

        Change the identification of goods to read as follows:

a'        --THREE DIMENSIONAL PUZZLES--.

Remarks

The last Office Action in the above-identified application has been carefully considered and the above amendment is presented to comply with the Examiner's kind suggestion.

The refusal to register the mark has been noted, but that refusal is respectfully traversed.

It is true, as the Examiner surmises, that the mark sought to be registered is the configuration of applicant's product. That product is a cube puzzle formed of a black plastic material having distinctly colored, generally square vinyl adhesive patches applied to its various faces, as shown in the drawings. The appearance of this product is the appearance of applicant's world-famous "RUBIK'S CUBE" puzzle.

A trademark is defined in the Lanham Act, 15 U.S.C. §1127 as "any word, name, symbol or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by other." Applicant here has adopted such a device, i.e. the configuration and appearance of its cube puzzles, to identify its puzzles and distinguish them from those manufactured and sold by others. And, it is now well-established that the mere fact that the mark consists of the design of an article does not mean that design cannot function to identify the source of the article and be protected as a trademark. In re Morton Norwich Products, Inc., 213 U.S.P.Q. 9 (1982).

The latter decision is believed to be the latest pronouncement by the C.C.P.A. on the precise question involved in this case. Judge Rich, in the Morton Norwich

FLAMBEAU000045

decision, provides an extensive exposition on the question of "functionality" and outlines how that question is to be determined in a case like the present one. As stated therein:

> "'Functionality' is determined in light of 'utility' which is determined in light of 'superiority of design' and rests upon the foundation 'essential to effective competition.'"

Not surprisingly, at almost the same time as the publication of the Morton Norwich decision, the Supreme Court in Inwood Laboratories v. Ives (a copy of that decision is attached hereto for the convenience of the Examiner) also noted that a feature of a design for a product is functional if it is essential.

It is submitted that the design features of applicant's product, as shown in the drawings, are not essential to effective competition or to any other factor. Cube puzzles such as manufactured by applicant can be formed of any color plastic material desired. They need not be formed of black. The black color of the plastic which forms the distinctive black grid pattern of the trademark serves absolutely no function in the use of the product.

Likewise, the color patches on the faces of the product are not functional. The color patches need not be square as used by applicant nor need they be colored. And, if colored, they need not be the precise colors used by applicant.

-3-

The very issues dealt with by the Examiner in the Office Action have been considered now by three Federal Courts, two District Courts and a Third Circuit Court of Appeals. Both the United States District Court for the Southern District of New York and the United States District Court for the District of New Jersey have held that the appearance of applicant's "RUBIK'S CUBE" puzzle is non-functional. Copies of the decisions in <u>Ideal Toy Corporation</u> v. <u>Chinese Arts & Crafts Inc. et al.</u> and in <u>Ideal Toy Corporation</u> v. <u>Plawner Toy Mfg. Co.</u> are enclosed for the Examiner's convenience.

The <u>Plawner</u> decision was appealed and the Third Circuit recently affirmed the decision below. A copy of the as yet unreported decision is annexed hereto for the Examiner's convenience.

It is submitted that these three decisions and the evidence submitted to the Courts as referred to in those decisions clearly establishes the non-functionality of the features of applicant's mark and that the mark is entitled to registration.

Respectfully submitted,

Pasquale A. Razzano
Reg. No. 25,512
Attorney for Applicant
Curtis, Morris & Safford, P.C.

(212) 840-3333