

33 East Main Street
Suite 900
Madison, Wisconsin  53703
608.251.5000
Fax 608.251.9166
www.quarles.com

Attorneys at Law in
Chicago
Indianapolis
Madison
Milwaukee
Naples
Phoenix
Scottsdale
Tampa
Tucson
Washington, D.C.

Writer's Direct Dial: 608.283.2491
E-Mail: anthony.tomaselli@quarles.com

August 21, 2020

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    *Rubik's Brand Limited v. Flambeau, Inc., et al.*, Case No. 1:17-cv-06559 (PGG)

Dear Judge Gardephe:

    Pursuant to Paragraph 12 of the Stipulated Confidentiality Agreement and Protective Order (Dkt. 40) and Rule II(B) of this Court's Individual Practices, Defendant Flambeau, Inc. ("Flambeau") respectfully requests that the Court approve Flambeau's submission of the sealed and redacted versions of the following documents:

- Defendant Flambeau, Inc.'s Reply Brief in Support of its Motion for Summary Judgment;

- Defendant Flambeau, Inc.'s Counterstatement to Plaintiff Rubik's Brand Limited's Statement of Additional Material Facts and Reply in Support of Rule 56.1 Statement; and

- Exhibits 197-200, 203 to Defendant Flambeau, Inc.'s Counterstatement to Plaintiff Rubik's Brand Limited's Statement of Additional Material Facts and Reply in Support of Rule 56.1 Statement.

    Although there is generally a presumption of public access to judicial documents, "the court must balance competing considerations against it," including "privacy interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The sealing or redacting of documents may be justified to preserve "higher values," including the need to protect an entity from "competitive injury." *Id.* at 124; *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4

Honorable Paul G. Gardephe
August 21, 2020
Page 2

(S.D.N.Y. Apr. 12, 2016) (sealing marketing and business development activities). Consistent with the balancing test set forth in *Lugosch*, courts routinely permit parties to seal or redact business materials that, if disclosed, may result in competitive harm. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies, and policies); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal marketing strategies, product development, costs and budgeting).

The above-referenced documents filed by Flambeau discuss information that has been designated under the Stipulated Confidentiality Agreement and Protective Order and relate to categories of information deemed competitively sensitive, for example, internal business investigations (e.g., Ex. 197), product testing (e.g., Ex. 198-199), legal advice and business strategy (e.g., Ex. 200) and confidential agreement terms (e.g., Ex. 203). This is the sort of information that, if it became public, courts recognize would result in competitive harm.

Flambeau has electronically filed public versions of the above-referenced documents that redact only that information which has been designated by a party as presenting a risk of competitive harm. These redactions are minimal—for example, they implicate a single line in the Flambeau's reply brief and a limited number of the parties' proposed finding of fact. Accordingly, the requested relief is narrowly tailored to protect the confidentiality of the parties' information and will not deprive the public of critical information.

For these reasons, Flambeau respectfully requests that the Court approve Flambeau's submission of the sealed and redacted versions of the foregoing documents.

Respectfully submitted,

*/s/ Anthony A. Tomaselli*

Anthony A. Tomaselli

cc:   Counsel of Record