UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBIK'S BRAND LIMITED,
                         Plaintiff,

– against –

FLAMBEAU, INC., et al.,
                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2021

**OPINION AND ORDER**

**17-CV-6559 (PGG) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Before the Court are the parties' various motions to file redacted documents (the "Documents") in connection with their respective positions in support of or opposition to summary judgment and Defendants' related motion to strike. The party seeking redaction in each instance bears the burden of justifying the proposed redactions. The Court has reviewed the parties' letter submissions in support of their redaction requests (ECF Nos. 155, 161, 167, 173, 179, 184) and many of the Documents themselves.

      As the parties recognize in their letters, the public has a "general right to inspect and copy public records and documents including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Once determined, the weight of the presumption is balanced against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure," among other factors. *Lugosch v. Pyramid Co.*,

1

435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049) (internal quotation marks omitted).

In addition to this common law right of access, the public has an even stronger First Amendment right of access to judicial documents. *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). In order to determine whether the First Amendment right of access attaches, the Court must consider: "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *Id.* (quoting *Lugosch*, 435 F.3d at 120). If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve and is narrowly tailored to serve that interest." *Erie*, 763 F.3d at 239 (internal alteration omitted).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. In the instant case, the Documents were submitted in connection with the parties' arguments on summary judgment and/or the related motion to strike and are therefore judicial documents entitled to a strong presumption of access. The parties nonetheless argue that redactions are warranted because the Documents contain sensitive information that, if disclosed, would result in competitive harm to them as well as confidential information as defined under the parties' protective order.

As an initial mater, the facts necessary to establish good cause for applying a protective order to discovery documents under Rule 26 do not necessarily meet the "higher threshold imposed by the First Amendment with respect to judicial documents." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) (collecting cases). Thus, the fact that the Documents are designated as confidential in some capacity under the protective order does not satisfy the parties' burdens for sealing. Further, to the extent that any of the Documents contain attorney work product, work product privilege is waived where a litigant voluntarily discloses the privileged material, *New York Times Co. v. United States Dep't of Justice*, 939 F.3d 479, 494-95 (2d Cir. 2019), and neither party contends that its disclosures were inadvertent. Finally, to the extent that the Documents contain information relating to sales trends or product quality, the Court finds that the parties' interests in keeping this information private do not outweigh the strong presumption in favor of judicial document disclosure.

Having reviewed many of the Documents, it is clear to this Court that the parties have vastly over-designated documents for redaction and sealing. Accordingly, the various motions to seal are DENIED without prejudice to the parties' right to refile far more narrowly tailored requests to seal. As an illustrative aid to the parties, the Court notes that ECF No. 164, Ex. 203 is an example of a document that would be appropriate for sealing. However, most of the other Documents are not.

## Conclusion

For the reasons stated above, the parties have not satisfied their burdens to demonstrate that the strong presumption of public access to the Documents is outweighed by any competing interests or that redaction is essential to preserve higher values and would be

narrowly tailored to serve that interest.  Accordingly, the parties' requests to redact portions of the Documents are DENIED without prejudice, consistent with the above.  The parties will have until **February 16, 2021** to file any revised requests to redact and seal documents.  If the parties fail to file such requests, the Court will direct the Clerk of Court to unseal the Documents.  In the meantime, the Court respectfully requests that the Clerk of Court terminate the pending motions at ECF Nos. 155, 161, 167, 173, 179, and 184.

    **SO ORDERED.**

Dated: February 1, 2021
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge