```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBIK'S BRAND LIMITED,

                          Plaintiff,

   – against –

FLAMBEAU, INC., et al.,

                          Defendants.

**OPINION AND ORDER ON LETTER MOTIONS TO SEAL ECF NOS. 193 AND 195**

17-CV-6559 (PGG) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On February 1, 2021 this Court issued an Opinion and Order on the parties' various motions to seal dozens, if not hundreds, of documents in connection with Defendant's motion for summary judgment and the related motion to strike. This Court found that, because these documents were submitted to the Court in connection with a motion for summary judgment, they were judicial documents entitled to strong presumption of public access under the common law and the First Amendment. Further, the Court found that the parties had vastly over-designated documents for redaction and sealing and that, therefore, the proposed redactions were not narrowly tailored to preserve the parties' privacy and competitive interests. Accordingly, the Court denied the parties' motions to seal without prejudice and directed the parties to file revised requests to seal and redact documents. (ECF No. 190.)

      On February 16, 2021, both parties filed revised motions to seal. (ECF Nos. 193, 195.) The party seeking redaction in each instance bears the burden of justifying the proposed redactions. The Court, having reviewed the parties' letter submissions in support of their redaction requests, and the documents themselves, finds that both motions should be GRANTED.

1

**RBL's Motion to Seal**

In its revised motion, Rubik's Brand Limited ("RBL") requests that seven documents be redacted and filed under seal.  RBL asserts that these documents contain confidential and/or competitively sensitive business information that, if disclosed, would result in competitive harm to RBL.  The Court notes that some of the specific documents sought to be redacted and sealed contain the terms of confidential trademark licensing agreements between RBL and its licensees.  Disclosure of these contractual terms could harm RBL and/or its business partners by disadvantaging them in negotiating future licensing agreements.  Indeed, courts in this District have granted motions to seal in order to protect these sorts of competitive interests.  *See, e.g.*, *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-cv-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020).

The remaining documents flagged by RBL contain proprietary and commercially sensitive information regarding the You Can Do The Rubik's Cube marketing program.  These materials contain confidential information concerning marketing strategy as well as terms of agreements between RBL and its licensees and related invoices that concern the funding of the program.  Redactions are warranted to prevent competitive harm to RBL and its business partners based on the information contained in these documents.  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011).

Accordingly, because there are legitimate competitive interests at stake and because RBL has submitted requests narrowly tailored to preserve those interests, the Court finds that RBL's motion should be GRANTED in its entirety.

**Flambeau's Motion to Seal**

For its part, Flambeau's revised motion requests that three documents be redacted and sealed by the Court. Like RBL, Flambeau asserts that disclosing certain information contained in these documents would competitively harm Flambeau.

The first document contains confidential information related to Flambeau's development and marketing strategies related to the Quick Cube. The document also contains pricing information as well as a chart detailing the financial impact of Flambeau's go-to-market strategy. The Court agrees that this information is commercially sensitive, potentially harmful, and that the document should be sealed to prevent competitors from utilizing this information to harm Flambeau. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649-50.

The second document contains excerpts of the deposition of Michael Burke, Flambeau's Vice President of Sales for its Duncan Division. Flambeau seeks to redact limited portions of the testimony that pertain to projected sales, net sales, and revenue figures for the relevant time period in this action – *i.e.*, 2016 through the time of the deposition. Having reviewed the documents, the Court agrees that the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model. Further, the Court also finds that the proposed redactions are narrowly tailored to avoid that potential harm. Indeed, Flambeau's motion only seeks to redact approximately 17 lines of a 213-page deposition transcript. Accordingly, the Court will permit these limited proposed redactions.

Finally, the third document is a "preliminary report" showing scientific and technical details concerning the composition and safety of the Quick Cube. The report is a preliminary report and, as such, is only marginally relevant to the claims asserted in this case. Accordingly, the Court agrees that this document can be filed under seal, per Flambeau's request.

In light of the nature of these documents and the legitimate privacy and competitive business interests at stake, the Court finds that Flambeau's motion should also be GRANTED in its entirety.

## CONCLUSION

Based on the standard set forth by the Second Circuit in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), the Court finds that the parties' motions to seal (ECF Nos. 193 & 195) should be GRANTED. Accordingly, the Court respectfully requests that the Clerk of Court:

1. **Unseal** all documents filed at ECF No. 164 **except that document number 164-9 should remain sealed;**

2. **Unseal** the documents filed at ECF No. 176 **except that document numbers 176-3, 176-4, 176-6, 176-7, 176-8, 176-9, 176-14, 176-15, and 176-17 should remain sealed;** and

3. **Unseal all documents filed at ECF Nos. 157, 159, 162, 169, 171, 174, 180, 182, and 185.**

**SO ORDERED.**

Dated: March 22, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4